**Donald COOK, Jr., Plaintiff,**

v.

**John P. ANCICH, Good Harbor Fisheries, Inc. and F/V HERITAGE, Defendant.**

No. C99–5353FDB.

United States District Court,
W.D. Washington.

Aug. 23, 2000.

George H. Luhrs, Seattle, WA, for plaintiff.

Robert F. Kehoe, Seattle, WA, for defendants.

ORDER ON PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT FOR NEGLIGENCE PER SE AND CONTRIBUTORY NEGLIGENCE; PARTIAL SUMMARY JUDGMENT UNDER 46 U.S.C. §§ 10601, 11107 AND EXTENSION OF TIME TO FILE REPLY

BURGESS, District Judge.

During the 1996 Southeast Alaska summer salmon season, plaintiff Donald Cook, Jr. was a deckhand on the F/V HERITAGE, a 58 foot wood purse seine vessel. Defendant John Ancich was the captain of the boat and principal of Good Harbor Fisheries, Inc., the boat's owner. The parties entered into a contract on June 8, 1996 which specified the terms of plaintiff's employment. The contract was signed by the plaintiff and the defendant. The defendant signed it in his capacity as skipper and expressly disclaimed signing in any other capacity during his deposition.

On July 8, 1996, the boat was docked at Hoonah, Alaska. Cook, Ancich and the other crew members were cleaning and repairing the purse seine net. The net was rolled back over the power block from

the stern to the mid-deck and piled by Cook and another crew member at mid-deck. Ancich was operating the hydraulic controls which maneuvered the net over the block. Part of the net tangled in an attached half purse ring and hit Cook in the head when it came over the power block.

The parties dispute the exact sequence of events that lead to Cook being hit. However, all agree that he was not wearing a hard hat, had not been advised to wear a hard hat and no hard hats were provided. All agree that during this type of net repairing process, there is a risk of being hit on the head. All agree that Cook would have been less injured if he had been wearing a hard hat.

However, the plaintiff's motion for partial summary judgment asks for a judgment on applicable legal standards, not facts. The plaintiff argues that the Occupational Safety and Health Act (OSHA) governs the working conditions of seamen on the F/V HERITAGE. Further, if OSHA regulations apply, then the defendant's failure to require and/or provide plaintiff with a hard hat leaves the defendant liable for plaintiff's injuries.

The plaintiff's second motion for partial summary judgment asks the court to find the contract between Cook and Ancich void for failure to comply with 46 U.S.C. § 10601, granting damages under § 11107. Finally, plaintiff requests an extension of time to reply to defendant regarding the contract question.

## DISCUSSION

### Do OSHA standards apply to the F/V HERITAGE?

OSHA gives the Secretary of Labor jurisdiction over occupational health and safety standards "with respect to employment performed in a workplace in a state." 29 U.S.C. § 653(a); except where "other Federal agencies ... exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health." 29 U.S.C. § 653(b)(1). The Ninth Circuit has held that the boundaries of a state extend to the state's territorial waters which are contained within a line "three geographical miles" from the state's coastline. *Herman v. Tidewater Pacific, Inc.*, 160 F.3d 1239, 1243 (9th Cir.1998), citing the Submerged Lands Act 43 U.S.C. § 1312. The dock at Hoonah, Alaska is within this boundary.

■ The F/V HERITAGE is an uninspected fishing vessel. 46 U.S.C. §§ 2101(43), 3301. It is subject to Coast Guard safety regulations but it is not as thoroughly regulated or monitored as an inspected vessel. 46 U.S.C. §§ 3305, 3307, 3308. Where the Coast Guard has not exercised its authority to regulate working conditions on uninspected vessels, OSHA is not preempted. *Herman v. Tidewater Pacific, Inc.*, 160 F.3d 1239, 1245, 1246 (9th Cir.1998), citing *Donovan v. Red Star Marine Services*, 739 F.2d 774 (2nd Cir. 1984) and *In re Inspection of Norfolk Dredging Co.*, 783 F.2d 1526 (11th Cir. 1986). In *Secretary of Labor v. Alaska Trawl Fisheries, Inc.*, 15 BNA OSHC 1699 (1992), the Occupational Safety and Health Review Commission directly considered whether OSHA regulations were applicable to uninspected fishing vessels. In that case, both the secretary and the Coast Guard via an *amicus* brief argued that OSHA regulations were applicable to the working conditions on the uninspected vessels in question.

■ OSHA regulations applied to the working conditions on the F/V HERITAGE at the time of Cook's employment.

### What is the effect of OSHA standards given the incorporation of FELA into the Jones Act?

■ The Jones Act, 46 U.S.C.App. § 688, grants a statutory right to seamen to sue for personal injuries suffered in the course of employment where "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply..." This language incorpo-

rates the Federal Employers Liability Act (FELA), 45 U.S.C. § 53, which states:

> In all actions ... to recover damages for personal injuries to an employee, ... the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: *Provided,* That no such employee who may be injured be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury ... of such employee.

Emphasis in original.

The impact of FELA liability standards on the Jones Act has been thoroughly considered. *Kernan v. American Dredging Co.,* 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958); *Herman v. Tidewater Pacific, Inc.,* 160 F.3d 1239 (9th Cir.1998); *Fuszek v. Royal King Fisheries, Inc.,* 98 F.3d 514 (9th Cir.1996); *Kopczynski v. THE JACQUELINE,* 742 F.2d 555 (9th Cir.1984). In *Kernan,* 355 U.S. at 436–7, 78 S.Ct. 394, the Court held that seamen under the Jones Act were entitled to the "entire judicially developed doctrine of liability—granted to railroad workers by the FELA." Thus, under FELA, there is negligence per se if a statutory violation "contributes in fact to the death or injury in suit, without regard to whether the injury flowing from the breach was the injury the statute sought to prevent." *Kernan,* 355 U.S. at 433, 78 S.Ct. 394.

The Ninth Circuit has held that violation of Coast Guard regulations is negligence per se if five elements are met: "(1) a violation of Coast Guard regulations, (2) the plaintiff's membership in the class of intended beneficiaries of the regulations, (3) injury of a type against which the regulations are designed to protect, (4) the unexcused nature of the regulatory violation, and (5) causation." *Fuszek,* 98 F.3d at 517.

In *Herman supra,* the court upheld the Secretary's citations of Tidewater Pacific, Inc. for violations of the same general Occupational Health and Safety Standards at issue here. In *Kopczynski,* a seaman brought suit under the Jones Act for violation of OSHA regulations of Shipyard Employment. *Kopczynski,* 742 F.2d at 558. The Kopczynski court held that these regulations were not applicable to Kopczynski in his capacity as a seaman. *Id.* The court specifically declined to decide in what circumstances OSHA regulations would apply to seamen and what the impact on the FELA negligence standard would be.

In this case, I consider the Coast Guard and OSHA regulations to be functionally equivalent. These agencies agree that they share jurisdiction over vessels of this class. There are no Coast Guard regulations on protective equipment and OSHA specifically states in directive CPL 2–1.20 that the protective equipment provision in 29 C.F.R.1910.1 is applicable and enforceable on uninspected fishing vessels.

Thus, 29 C.F.R.1910.1 is a safety statute, enacted for the benefit of a class of workers, to which plaintiff belongs, designed to protect workers from head injuries, there was no excuse for defendant's violation and injury resulted. Under FELA negligence standards incorporated by the Jones Act, the defendant is liable as a matter of law and no deduction for contributory negligence will be allowed.

**What is the status of the employment contract under 46 U.S.C. §§ 10601, 11107?**

■ The plaintiff claims that the contract between him and the defendant must fail under 46 U.S.C. 10601(b) because it was not expressly signed by the owner of the F/V HERITAGE. However, the authority cited by plaintiff deals with the rights of seamen under oral contracts which are clearly void. I am not convinced that the statutory remedy under 46 U.S.C. § 11107 applies here.

IT IS HEREBY ORDERED THAT:

(1) The plaintiff's motion for partial summary judgment (docket # 15) on negligence per se and contributory negligence is granted.

(2) The plaintiff's motion for partial summary judgment re 46 U.S.C. §§ 10601, 11107 (docket # 29) is denied.

(3) The plaintiff's motion for enlargement of time (docket # 28) is moot.